MRS. SUE HANEY, GUARDIAN OF WILLIAM HANEY, MINOR, v. WESTLEY BAILEY.

(Filed 14 December, 1932.)

**Negligence A b—Although law is swift to afford remedy to injured child, negligent action must ordinarily be based on want of due care.**

The law is swift to afford a remedy for a wrong suffered by a child, but where there is no evidence that the injury to a child was caused by the negligence of the plaintiff a nonsuit is properly granted.

APPEAL by plaintiff from *Sink, J.,* at July Term, 1932, of McDowELL. Affirmed.

This is an action to recover damages for a personal injury suffered by plaintiff's ward, a child about eight years of age, and alleged to have been caused by the negligence of the defendant.

From judgment dismissing the action at the close of the evidence, plaintiff appealed to the Supreme Court.

*Roy W. Davis and Pless & Pless for plaintiff.*
*W. C. Newland, McBee & McBee and Winborne & Proctor for defendant.*

PER CURIAM. The law which is always jealous of the rights of a child, and ever swift to afford a remedy for a wrong suffered by him, is also just to one who is sought to be held liable in damages for an injury suffered by a child. Ordinarily, liability for the consequences of an injury, even where the injury was suffered by a child, arises only where the injury was caused by the failure of the defendant to perform a duty which was imposed by law under the circumstances. Even the law must be just, before it is generous.

In the instant case, there was no evidence at the trial tending to show the injury suffered by plaintiff's ward, was caused by the negligence of the defendant. For that reason the judgment dismissing the action is
Affirmed.